## R. M. THOMPSON *v.* W. R. PALMER.

New Trial—Default Judgment—Petition—Petition for a New Trial—Reason for not Defending Original Suit.

In an action for a new trial the petition must state facts showing some legal reason why defense was not made to the original suit, nor is the fact that the judgment was reversably erroneous any legal reason why new trial should be granted, the remedy being by appeal.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

February 19, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Appellee having recovered judgment by default against appellant as part owner of the steamer Green for loss of certain goods, which this court has just reversed, it being heard with this case, filed a petition for a new trial after the time had elapsed in the court below, averring he had not been served with process, notwithstanding the sheriff's return of execution; also averring that he was not part owner of said boat at the time of the loss of the goods.

The judgment dismissing this proceeding recites that the parties appeared by attorney and the court being sufficiently advised adjudged that the plaintiff take nothing by his petition; this judgment indicates that evidence was heard rather than that it was not, at least it does not preclude the fact of evidence being heard, and in the absence of a bill of exceptions, certifying it, we cannot say the court erred.

Nor is this legal status altered by a single deposition copied in the record by the clerk without being certified by the court.

If this was an equity instead of an ordinary action and to be tested on the evidence it would be insufficient, for it does not in the slightest degree disprove the sheriff's return, but only slightly indicates that possibly Thompson was not a joint owner when the goods were lost. If this had been clearly made out it would have been insufficient unless he had also shown some legal reason why

he did not defend the original suit, nor is the fact that it was reversably erroneous any legal reason for this proceeding, the remedy being by appeal to this court.

Wherefore, the judgment is *affirmed* without damages, no supersedeas appearing.

*Bloomfield, for appellant.*